## City of Scranton v. Manscavage

*James W. McNulty,* for plaintiff.

*A. C. Kenowski,* for defendant.

HOBAN, J., July 30, 1947.—This is a petition to strike off a municipal lien filed against above-named defendant as the owner of Lot No. 6, in Block 7, in the twenty-first ward of the City of Scranton, for a sewer completed in February 1925. The original lien was filed to no. 1696, year 1926, municipal lien docket, Lackawanna County, and described Walter Manscav-

age as the owner or reputed owner, the date of filing being August 9, 1926, but at that time the owners of the property were Walter Martinkavich and Agnes Martinkavich, his wife. On October 18, 1930, Walter Martinkavich and Agnes Martinkavich, his wife, sold the property to Anthony Zurowski and Stefania Zurowski, his wife, and gave the grantees a deed, which was promptly recorded. Proceedings by way of scire facias, judgment, etc., were conducted at appropriate intervals commencing with a scire facias sur municipal lien filed May 13, 1931. The return to that scire facias was non est inventus as to defendant, Walter Manscavage, but the sheriff added "A. Zurowski" as the real owner and party in possession.

It is apparent that the lien is defective for want of properly named owner, as required by the Municipal Lien Act of May 16, 1923, P. L. 207, sec. 10, as amended, 53 PS §2030. While we have held in other cases that misnomer of parties might have been cured if the real owner is added to the record before another interest intervenes, the sheriff's return to the scire facias in 1931 is ineffective to bind Stefania Zurowski and Anthony Zurowski as tenants by the entireties. The owners at the time the lien was filed were never brought on the record and the Zurowskis took the property without notice that any lien was filed against the original owners. A subsequent attempt to enforce the lien against either or both the Zurowskis is, therefore, ineffective. The lien must be stricken from the record.

Now, July 30, 1947, the rule to show cause why the judgment entered to the above stated number and term, and the municipal lien filed to no. 1696, year 1926, municipal lien docket of Lackawanna County, should not be stricken from the record, is made absolute.